**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|   |   |
|---|---|
| Cynthia Williams, | No. CV-09-1511-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Mesa Police Department, et al., | |
| Defendants. | |

This matter is before the Court on the Motion to Dismiss brought by Defendants City of Mesa and City of Mesa Police Department. (docket # 2) Plaintiff has filed a Response. (docket # 5) Defendants have not replied. For the reasons set forth below, the Court will deny the motion as to Defendant City of Mesa and grant the motion as to the City of Mesa Police Department.

**I. Background**

Plaintiff commenced this action on April 24, 2009, in the Superior Court of Arizona, Maricopa County. (docket # 1) Plaintiff alleges violations of her civil rights pursuant to 42 U.S.C. § 1983 based on a traffic stop made by City of Mesa Police Officers on April 26, 2008. Plaintiff also alleges related state-law claims. Because the Complaint alleges a federal question, on July 22, 2009, Defendant City of Mesa and City of Mesa Police Department removed the matter to this District Court. (docket # 1) On August 13, 2009, Plaintiff and Defendant City of Mesa consented to magistrate-judge

jurisdiction pursuant to 28 U.S.C. § 636(c) with the approval of then-assigned District Judge.[1]  (docket # 13)

## II. Motion to Dismiss

Defendants City of Mesa and City of Mesa Police Department move to dismiss on two grounds: (1) Plaintiff failed to serve a summons with the Complaint; and (2) the City of Mesa Police Department is not a jural entity subject to suit. The Court will address these issues below.

### A. Improper Service

Defendants assert that service was improper because the Complaint served on the City of Mesa on July 2, 2009 did not include a summons. Plaintiff responds that service was proper. Federal Rule of Civil Procedure 4 governs service of process and provides, in relevant part, that:

> **4(c) Service.**
>
> **(1) In General**. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time *allowed by Rule 4(m)* and must furnish the necessary copies to the person who makes service.

Fed.R.Civ.P. 4(c) (emphasis added). Federal Rule of Civil Procedure 4(m) provides that service must be made "within 120 days after the complaint is filed." Fed.R.Civ.P. 4(m).

Defendant City of Mesa claims that on July 2, 2009, Plaintiff served the Complaint by delivering a copy to Linda Cropper, an Administrative Support Assistant I in the City Clerk's Office. (docket # 2, Exh. A)  The Complaint served on July 2, 2009, did not include a summons. (docket # 2, Exh. A)

---

[1] At today's expedited telephonic conference, defense counsel, Marc Steadman, confirmed that Defendant John Santiago has not appeared in this action and his Answer is not yet due. Mr. Steadman indicates that he will represent Officer Santiago in this lawsuit and will answer and consent to magistrate-judge jurisdiction on behalf of Officer Santiago in the near future. Because the pending dispositive motion does not involve Officer Santiago, the Court will rule at this time to eliminate further delay in this case.

1         In response, Plaintiff's counsel states that he initially mailed a courtesy copy of the Complaint to the City of Mesa which was not intended to be an attempt to serve. Plaintiff further argues that, even if it were an attempt to serve, Defendants' July 22, 2009 Motion to Dismiss based on failure to provide a summons was premature because Plaintiff - who filed her Complaint on April 24, 2009 - still had approximately one month from the date on which Defendants filed that motion in which to accomplish service. Moreover, Plaintiff states that a summons was issued for each Defendant on April 24, 2009, the date the Complaint was filed. (docket # 5, Exh. A) Finally, Plaintiff argues that Defendants' motion is meritless because, on July 27, 2009, both the Complaint and Summons were served upon Defendants City of Mesa and Mesa Police Department. (docket # 5, Exh. B; docket # 7)

        Consistent with Plaintiff's argument, the record reflects that Plaintiff timely served Defendant City of Mesa and City of Mesa Police Department with both the Complaint and Summons on July 27, 2009. (docket # 5, Exh. B; docket # 7) Accordingly, the Court will deny the Motion to Dismiss on this basis.

### B. City of Mesa Police Department

        Defendant also moves to dismiss Plaintiff's claims against the City of Mesa Police Department because it is not a jural entity subject to suit. (docket # 2 at 2) Plaintiff has no objection to Defendants' Motion to Dismiss the City of Mesa Police Department "unless unknown facts which may be later revealed warrant the inclusion of the Mesa Police Department as a named defendant." (docket # 5 at 3) As discussed below, the Court will dismiss Plaintiff's claims against the City of Mesa Police Department because it is a non-jural entity.

        A plaintiff may not bring a claim against a governmental agency or department unless it enjoys a separate and distinct legal existence. *Darby v. Pasadena Police* Department, 939 F.2d 311, 313-14 (5th Cir. 1991). "State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *Morgan v. Arizona*, 2007 WL 2808477, * 8 (D. Ariz. 2007) (citations omitted). An action cannot

be brought against a state or county agency that lacks the authority to sue and be sued. *See, Gotbaum ex rel. Gotbaum v. City of Phoenix*, 2008 WL 4628675, * 7 (D.Ariz. 2008) (concluding that "the Phoenix Police Department is a subpart of the City of Phoenix, not a separate entity for purposes of suit."); *Austin v. State of Arizona*, 2008 WL 4368608, * 5 (D. Ariz. 2008) (finding that the Arizona Department of Corrections "is a creation of the Arizona Legislature. . . The enabling legislation for ADOC does not authorize it to sue or be sued in its own right as a separate and distinct legal entity.") *Wilson v. Maricopa County*, 2005 WL 3054051 (D.Ariz. 2005) (dismissing the Maricopa County Sheriff's Office as a non-jural entity); *Kimball v. Shofstall*, 17 Ariz. App. 11, 13, 494 P.2d 1357, 1359 (Az. App. Ct. 1972) ("Neither the constitution nor [Arizona] statutes provide that the State Board [of Education] is an autonomous body with the right to sue and to be sued.").

The capacity to sue or be sued is determined by the law of the state where the district court is located. Fed.R.Civ.P. 17(b)(2), (3). *See, Darby*, 939 at 313-14 (stating that "[t]he capacity of an entity to sue or be sued 'shall be determined by the law of the state in which the district court is held. Fed.R.Civ.P. 17(b).'") Arizona Rule of Civil Procedure 17(d) explains that "[a]ctions brought by or against a county or unincorporated city or town shall be brought in its corporate name." Thus, the proper form of a lawsuit against the City of Mesa's Police Department is a lawsuit that names the City of Mesa as a Defendant. The Arizona Constitution specifically confers the right to sue or be sued on municipal corporations. Arizona Revised Statute ("A.R.S.") Const. Art. 14 § 1 states that "[t]he term 'corporation,' as used in this article, shall be construed to include all associations and joint stock companies having any powers or privileges of corporations not possessed by individuals or co-partnerships, and all corporations shall have the right to sue and shall be subject to be sued, in all courts, in like cases as natural persons." A.R.S. Const. Art. 14 § 1.

Plaintiff does not oppose the Motion to Dismiss the Mesa Police Department and has not cited any Arizona statute that confers the power to sue or be sued

to a city's police department. Numerous courts have held that a police department is not a jural entity that is capable of suing and being sued, but rather is a subdivision of the political entity to which it belongs. *See, e.g. Gotbaum*, 2008 WL 4628675, * 7 (explaining that "[c]onsistent with its previous decision in *Wilson*, the Court concludes that the Phoenix Police Department is a subpart of the city of Phoenix, not a separate entity for purposes of suit."); 56 Am.Jur.2d Municipal Corporations § 787 ("Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority."); *Jacobs v. Port Neches Police Dep't*, 915 F.Supp. 842, 844 (E.D.Tex.1996) (explaining that the sheriff's department was not a proper party to the suit because the county had not expressly "grant[ed] the servient agency with jural authority"); *Wright v. Wyandotte County Sheriff's Dep't*, 963 F.Supp. 1029, 1034 (D.Kan.1997) (explaining that the Sheriff's department is merely an agency of the county and is not itself capable of being sued).

Here, there is no dispute that the Mesa Police Department is not a separate entity, but is solely a department of the City of Mesa. Because the City of Mesa Police Department does not have a separate legal existence, it is not a proper defendant. *See, DeGroote v. City of Mesa*, 2009 WL 485458 (D.Ariz. 2009) (dismissing § 1983 claims against Mesa Police Department as a non-jural entity). In view of the foregoing, the Court will dismiss Plaintiff's claims against the Mesa Police Department.

In accordance with the foregoing,

**IT IS ORDERED** that Defendants City of Mesa's and City of Mesa Police Department's Motion to Dismiss, docket # 2, is **GRANTED** to the extent that Plaintiff's

/ / /

/ / /

/ / /

claims against the City of Mesa Police Department are hereby dismissed with prejudice. The Motion to Dismiss is **DENIED** in all other respects.

DATED this 17th day of August, 2009.

_____
Lawrence O. Anderson
United States Magistrate Judge