1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Williams, | No. CV-09-1511-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Mesa, a municipal corporation; John Santiago, individually, and in his capacity as a Mesa Police Officer, | |
| Defendants. | |

This matter arises on the parties' Stipulation to Extend Discovery Deadlines which the Court deems to be a joint motion to extend the Rule 16 discovery and dispositive motion deadlines. (Doc. 26) The motion indicates the basis for the request is that "counsel for City Defendants is in a six-week trial that started June 22, 2010, and may continue into August." (*Id*. at 1) Because diligence to complete discovery has not been demonstrated to modify the firm Rule 16 deadlines, the parties' motion will be denied.

**I. Background**

The docket reflects this action was removed on July 22, 2009 from the Superior Court of Arizona, Maricopa County. (Doc. 1) The April 24, 2009 Complaint alleges violations of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983 and related state-law claims arising out of a traffic stop made by City of Mesa police officers on April 26, 2008. (Doc.

1-4 at 5-13) On August 18, 2009, Defendants' Motion to Dismiss was granted as to the City of Mesa Police Department and denied as to the City of Mesa. (Doc. 8)

At the September 21, 2009 scheduling conference, the Court stressed to counsel that the "deadlines in the scheduling order were **real, firm**, and, consistent with the undersigned's responsibilities mandated by Congress in the Civil Justice Reform Act of 1990, 28 U.S.C. §471 *et seq.*, **will not be altered** except upon a showing of good cause and by leave of the assigned trial judge." (Doc. 17 at 2) (emphasis in original; footnote omitted). The scheduling order makes clear that the Rule 16 deadlines are "to be taken seriously," citing *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). (*Id.*) Further, counsel were informed that "[t]he Court intends to enforce the deadlines in this Order. Counsel should plan their litigation activities accordingly." (*Id.*) With this in mind and the active involvement of counsel, the Court fashioned mutually agreed-upon deadlines for the fair and reasonably expeditious resolution of this case. The scheduling order mandates supplementation of all discovery pursuant to Rule 26(e), Fed.R.Civ.P., by Friday, June 25, 2010, completion of all discovery by Friday, August 27, 2010, and dispositive motion(s) filings by Thursday, September 30, 2010. (*Id.* at 4)

**II. Good Cause and Rule 16**

Federal Rule of Civil Procedure 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). A district court may modify the pretrial schedule "if it cannot reasonably be met despite diligence of the party seeking the extension." *Id.* at 608; Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment). "Good cause" means the Rule 16 scheduling deadlines cannot be met despite the party's diligence, citing Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990). *Id.*

**III. Discussion**

The requisite good cause for extending the discovery and dispositive motion deadlines has not been shown by the parties. The docket reflects that disclosures, requests

for production and interrogatories have been exchanged but it appears that not a single deposition has been taken by either side to date. Plaintiff filed her list of witnesses and exhibits on June 25, 2010. (Doc. 25) The docket, however, does not reflect that Defendants filed a similar list or filed a notice that such a list was exchanged with Plaintiff's counsel. Surely, defense counsel knew he had a lengthy trial scheduled in July and August, 2010 but the docket does not reflect that he paid much attention to this case since March 1, 2010 when he filed Defendants' First Request for Production of Documents and Things to Plaintiff and First Set of Interrogatories to Plaintiff. (Doc. 21) The parties do not indicate what additional discovery they wish to take before the close of discovery but they have had nearly a year since the September 21, 2009 scheduling conference to complete all discovery. This length of time provided in the scheduling order is more than reasonably adequate to complete discovery if diligence were exercised with the slightest amount of planning. The parties have not demonstrated that the Rule 16 pretrial schedule "cannot reasonably be met despite diligence of the party seeking the extension." *Johnson*, 975 F.2d at 608. Like the 120 day deadline to serve process pursuant to Rule 4(m), to hold that good cause has been shown here "would allow the good cause exception to swallow the rule." *Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987).

Accordingly,

**IT IS ORDERED** that the parties' motion to extend the Rule 16 discovery and dispositive motion deadlines, doc. 26, is **DENIED**.[1]

**IT IS FURTHER ORDERED** that defense counsel shall "use proper capitalization," i.e., use proper upper and lower case type to denote the correct spelling of

---

[1] The parties' Stipulation refers to the undersigned as "Magistrate." Congress changed the formal title of United States Magistrate to United States Magistrate Judge in the Judicial Improvement Act of 1990, effective December 1, 1990. Section 321 of Pub. L. No. 101-650; § 102, as set out as a note under 28 U.S.C. § 631; *Dixon v. Ylst*, 990 F.2d 478, 480 n. 1 (9th Cir. 1993) ("The title was changed from 'magistrate' to 'magistrate judge.'"); *United States v. Steelwright*, 179 F.Supp. 2d 567, 569 n.3 (D. Md. 2002). A United States magistrate judge is a "federal judge." See, e.g., Rule 1(b)(3), Fed. R. Crim. P. Thus, a magistrate judge may be appropriately called magistrate judge or judge, but not magistrate.

1  the party names, in all future captions as mandated by LRCiv 7.1(a)(3). Future violations of
2  the Local Rules may result in the striking of the non-conforming motion, brief or other
3  document.
4       Dated this 15th day of July, 2010.

_____
Lawrence O. Anderson
United States Magistrate Judge