**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Williams, ) | No. CV-09-1511-PHX-LOA |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| City of Mesa Police Department, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

In preparing to rule on Defendants' pending Motion for Summary Judgment, doc. 37, the Court has reviewed Plaintiff's Response to City Defendant's (sic) Motion for Summary Judgment. (Doc. 44) Plaintiff's Response violates this District Court's Local Rules of Practice in multiple aspects: 1) it exceeds the 17-page limitation without prior court approval, contrary to LRCiv 7.2(e);  2) its type is smaller than ten (10) pitch (10 letters per inch) or in a proportional font size that is smaller than 13 point, contrary  LRCiv 7.1(b); and its title of the Court and caption are in bold print, contrary LRCiv 7.1(a)(2),(3) and the sample form provided in Appendix C.

Defense counsel's Motion and Reply comply with the Court's Local Rules. (Docs. 37, 47)   By using more pages and unauthorized smaller type Plaintiff's counsel has intentionally or otherwise gained an advantage over defense counsel on the pending Motion. The Court has specifically ordered counsel *three times* in writing to comply with the Local Rules. (Docs. 10 at 5, 17 at 6, 27 at 3-4)  The July 15, 2010 order made clear that "[f]uture

1  violations of the Local Rules may result in the striking of the non-conforming motion, brief
2  or other document." (Doc. 27 at 4)
3        The Ninth Circuit has recently "[e]xplain[ed], yet again, the importance of
4  following a district court's local rules. 'District courts have broad discretion in interpreting
5  and applying their local rules.'" *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir.
6  2010) (quoting *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983)). Local
7  rules have "the force of law." *Hollingsworth v. Perry*, ___ U.S. ___, 130 S.Ct. 705, 710
8  (2010) (quoting. *Weil v. Neary*, 278 U.S. 160, 169 (1929)). They "are binding upon the
9  parties and upon the court, and a departure from local rules that affects substantial rights
10 requires reversal." *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349,
11 1353 (9th Cir. 1994) (internal quotation marks omitted).
12       On this occasion, the Court will not impose monetary sanctions against
13 Plaintiff's counsel but will strike the non-conforming Response without prejudice.
14 LRCiv.7.1(d)(5). The Court only desires compliance with prior court orders and the Local
15 Rules, not imposing punitive measures.
16       On the Court's own motion,
17       **IT IS ORDERED** that Plaintiff's Response to City Defendant's (sic) Motion
18 for Summary Judgment, doc. 44, is hereby **STRICKEN** without prejudice.
19       **IT IS FURTHER ORDERED** that Plaintiff's counsel shall re-file Plaintiff's
20 Response to City Defendant's (sic) Motion for Summary Judgment on or before **Tuesday,**
21 **January 25, 2011** which shall include no new facts, law or arguments not expressly
22 contained in her November 4, 2010 Response. The Response shall comply in all respects
23
24
25
26 / / /
27 / / /
28 / / /

1 with this Order and the Local Rules (i.e., not exceed 17 pages, appropriate size type, and no
2 bolding in the title of the Court and caption) or Plaintiff's counsel will be sanctioned. A new
3 Reply is not permitted.

      Dated this 18th day of January, 2011.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge