**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Cynthia Williams,<br><br>  Plaintiff,<br><br>vs.<br><br>City of Mesa, a municipal corporation; John Santiago, individually, and in his capacity as a Mesa Police Officer,<br><br>  Defendants. | No. CV-09-1511-PHX-LOA<br><br>**ORDER** |

  Before the Court is Plaintiff's amended Response to Defendants' Motion for Summary Judgment which was timely filed on January 25, 2011 after the Court struck the first Response for Plaintiff's violations of the District Court's Local Rules. The amended Response complies with the Local Rules. Incredibly, however, Plaintiff's counsel added *Monell* [1] and other case citations and arguments in violation of the express terms of the January 19, 2011 order. (Doc. 50 at 10-14)

  Intending to be fair to Plaintiff because the non-compliance was due solely to her lawyer, Adel Horan; to Defendants who had already filed their Reply; and to avoid further briefing by Defendants, costs and delay in the disposition of the pending summary judgment motion, the Court ordered, *inter alia*, that Plaintiff re-file her response not only in full compliance with certain specified Local Rules but it shall "include no new facts, law or

---

[1] See, *Monell v. Dep't of Soc. Serv. of N.Y.*, 436 U.S. 658 (1978).

1 arguments not expressly contained in her November 4, 2010 Response." The order provided

2 in pertinent part:

> **IT IS FURTHER ORDERED** that Plaintiff's counsel shall re-file Plaintiff's Response to City Defendant's (sic) Motion for Summary Judgment on or before **Tuesday, January 25, 2011** which shall include no new facts, law or arguments not expressly contained in her November 4, 2010 Response. The Response shall comply in all respects with this Order and the Local Rules (i.e., not exceed 17 pages, appropriate size type, and no bolding in the title of the Court and caption) or Plaintiff's counsel will be sanctioned. A new Reply is not permitted.

(Doc. 48 at 2-3).

What is even more remarkable about Mr. Horan's violation is that the City Defendants' Motion for Summary Judgment does not seek summary judgment on any *Monell* claim because, at this time, the Complaint did not allege a *Monell* claim. Moreover, on January 24, 2011, the Court issued an order directing Plaintiff's counsel to show cause in writing with citations to relevant legal authorities why the Court should not preclude Plaintiff from alleging a *Monell* claim against the City at this late stage in this action, over five months after discovery has ended. Clearly, Plaintiff's counsel knows, or should have known, that the issue regarding whether a *Monell* claim has been properly pled, or will be allowed to be pled, against the City is on a different track for resolution separate from the excessive force and state law claims addressed in the City Defendants' pending Motion for Summary Judgment. Why Plaintiff's counsel would waste over three pages on an issue not relevant to, or raised in, Defendants' Motion for Summary Judgment is beyond belief.

"It is well established that '[d]istrict courts have inherent power to control their docket.'" *Ready Transportation, Inc., v. AAR Manufacturing, Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.,* 146 F.3d 1071, 1074 (9th Cir. 1998) (alteration in original) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998)). "This includes the power to strike items from the docket as a sanction for litigation conduct." *Id*. (citing, among others, *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 586-87, 588 (9th Cir. 2008) (discussing, but declining to rule on, the ability of a district court to strike documents submitted as exhibits to a motion); *Hambleton Bros. Lumber Co. v.*

- 2 -

1 *Balkin Enters., Inc.*, 397 F.3d 1217, 1224-26 (9th Cir. 2005) (upholding a district court's
2 grant of a motion to strike deposition corrections and a declaration as a sanction when a party
3 had violated Fed.R.Civ.P. 30(e)).

4       A district court's inherent power permits it to dismiss an entire action to rein
5 in abusive conduct. *Atchison*, 146 F.3d at 1074 (recognizing inherent power to dismiss an
6 action to sanction abusive conduct such as judge-shopping or failure to prosecute). This
7 inherent power, however, "must be exercised with restraint and discretion. A primary aspect
8 of that discretion is the ability to fashion an appropriate sanction for conduct which abuses
9 the judicial process." *Ready Transp., Inc.*, 627 F.3d at 404-405 (citing *Thompson v. Hous.*
10 *Auth. of Los Angeles*, 782 F.2d 829, 830 (9th Cir. 1986) (*per curiam*) (requiring a district
11 court to weigh, among other factors, "the availability of less drastic sanctions" before
12 resorting to dismissal as a sanction).

13       The Court has carefully considered all sanction options it may properly impose
14 against Plaintiff or her counsel as her agent for multiple violations of prior court orders
15 including the Court's January 19, 2011 order. Dismissal of this action at this time is clearly
16 too harsh a sanction. Moreover, dismissal would be unfair to Plaintiff because it was the
17 conduct of her lawyer that warrants sanctions, not Plaintiff's. Striking Plaintiff's Response
18 has proven ineffective because striking the first Response simply resulted in the Court having
19 to spend more of its limited time dealing with counsel's non-conforming conduct on a
20 collateral issue rather than the pending dispositive motion. Contempt proceedings would
21 further waste more precious time on a collateral issue that does not advance the merits of the
22 actions claims and defenses.

23       The Court concludes that it will take no further action at this time against
24 Plaintiff's counsel and will simply not consider the irrelevant citations in Plaintiff's
25 Response, doc. 50, on issues other than Plaintiff's excessive force claim, qualified immunity
26 and Plaintiff's state law claims, all fairly raised in the City Defendants' Motion. The Court,
27 however, will order Plaintiff's counsel to promptly provide a complete copy of this order to
28 his client, Cynthia Williams. Plaintiff and her attorney are forewarned that the Court's

1  restraint in not imposing more severe sanctions should not be taken as the Court's reticence
2  to impose such sanctions, including dismissal of this case, to rein in a developing pattern and
3  practice of violating court orders and rules if such conduct persists in this case.
4        **IT IS ORDERED** that Plaintiff's counsel must promptly provide a complete
5  copy of this order to his client, Cynthia Williams, and promptly thereafter file a notice of
6  compliance with this order.
7        Dated this 28th day of January, 2011.

                                              Lawrence O. Anderson
                                          United States Magistrate Judge