1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Cynthia Williams,                    )   No. CV-09-1511-PHX-LOA
                                         )
10              Plaintiff,                )   **ORDER**
                                         )
11   vs.                                  )
                                         )
12                                        )
     City of Mesa, a municipal corporation; )
13   John Santiago, individually, and in his )
     capacity as a Mesa Police Officer,   )
14                                        )
                Defendants.               )
15   _____ )

16          After review of Plaintiff's Response, doc. 53, to the Court's January 24, 2011

17   Order to Show Cause, and Defendants' Reply to Plaintiff's Response, doc. 54, the Court

18   finds that Plaintiff has not alleged a *Monell* claim in her original complaint filed in State

19   court on July 6, 2009; has not fairly raised such a claim in the parties' September 16, 2009

20   Joint Case Management Report, doc. 15; and the parties have not raised a *Monell* claim by

21   implicit or express agreement of counsel. Until raised by the Court in its recent OSC,

22   Plaintiff has not moved to amend the Complaint. The deadline for filing motions to amend

23   pleadings ended on December 15, 2009, over 14 months ago. (Doc. 17 at 3)  Discovery

24   ended six months ago. (*Id.*) Simply stated, *Monell* liability was not an issue in this case until

25   now.

26          Plaintiff's Response requests that the "Court allow modification of the

27   amendment deadline and allow Plaintiff to amend her Complaint and incorporate additional

28

1    facts and legal clarification to cure any deficiencies in her Complaint." (Doc. 53 at 1) The

2    Court will explain why Plaintiff's request will be denied.

3           "Federal Rule of Civil Procedure 16 vests the district court with early control

4    over cases 'toward a process of judicial management that embraces the entire pretrial phase,

5    especially motions and discovery.'" *In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2009), *cert.*

6    *denied*, _____ S.Ct. _____, 2009 WL 1738654 (2009) (quoting Fed.R.Civ.P. 16 advisory

7    committee's note, 1983 Amendment). "Rule 16 further recognizes the inherent power of the

8    district court to enforce its pretrial orders through sanctions, Fed. R. Civ. P. 16(f), and the

9    discretion of the [trial] judge to apply an appropriate level of supervision as dictated by the

10   issues raised by each individual case." *Id.* (citing *e.g.*, Fed. R. Civ. P. 16(c)(2)). Rule

11   16(b)(4), Fed.R.Civ.P., mandates that the scheduling order "may be modified only for *good*

12   *cause* and with the judge's consent."  Rule 16(b)(4), Fed.R.Civ.P. (emphasis added).

13   Emphasizing the meaningful nature of the Rule 16 deadlines, the Ninth Circuit has made

14   clear that "Federal Rule of Civil Procedure 16 is to be taken seriously. . . ." *Janicki Logging*

15   *Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

16          Federal Rule of Civil Procedure 16(b)(4)'s "good cause" standard primarily

17   considers the diligence of the party seeking the amendment. *Johnson v. Mammoth*

18   *Recreations*, *Inc*., 975 F.2d 604, 607-08 (9th Cir. 1992 ). The district court may modify the

19   pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the

20   extension." *Johnson*, 975 F.2d at 608. "Good cause" means the scheduling deadlines cannot

21   be met despite a party's diligence, citing 6A Wright, Miller & Kane, *Federal Practice and*

22   *Procedure* § 1522.1 at 231 (2d ed. 1990). (*Id.*)

23          The requisite good cause for extending the deadline to amend the Complaint

24   or any other pleadings has not been shown in this case. Plaintiff's counsel has had more than

25   a reasonable adequate amount of time to amend the Complaint to allege a *Monell* claim and

26   engage in discovery related to *Monell* issues. Plaintiff has not demonstrated any reason, much

27   less a good one, why she could not have moved to amend the Complaint before now,

28   especially when Defendants raised this issue early in this litigation that "Plaintiff fails to state

1  a Monell claim against the City[.]" (Doc. 15 at 5). The Court agrees with Defendants that if

2  Plaintiff were granted leave to amend this late in the case "Defendants would suffer

3  substantial prejudice." (Doc. 54 at 8) "Defendants have already disclosed expert opinions,

4  listed trial witnesses, taken depositions, and briefed the motion for summary judgment. The

5  case that has been prepared for trial and analyzed for summary judgment purposes was (sic)

6  a use of force case. What Plaintiff is proposing is a different case looking at the propriety of

7  Mesa's training and policies." (*Id.*)  If Plaintiff were allowed to raise new theories of liability

8  at the eleventh hour, it is likely the Court would also need to extend the discovery and

9  dispositive motion deadlines, rendering the original Rule 16 scheduling deadlines

10  meaningless.

11       The Court repeats what it wrote on July 15, 2010, that counsel were forewarned

12  during the scheduling conference by the Court and reinforced in the scheduling order itself

13  that the scheduling "deadlines are **real, firm**, and, consistent with the undersigned's

14  responsibilities mandated by Congress in the Civil Justice Reform Act of 1990, 28 U.S.C.

15  § 471 *et seq*., **will not be altered** except only upon a showing of good cause and by leave of

16  the assigned trial judge."  (Docs. 17 at 2, 27 at 2) (emphasis in original) (footnote omitted).

17  The scheduling order gives fair notice to the parties that "[t]he Court intends to enforce the

18  deadlines in this Order. Counsel should plan their litigation activities accordingly[,]" citing

19  *Hostnut.Com, Inc.v. Go Daddy Software, Inc*., 2006 WL 2573201 *1 (D. Ariz. 2006). Like

20  the 120-day deadline to serve process pursuant to Rule 4(m), to hold that good cause has

21  been shown here, "would allow the good cause exception to swallow the rule." *Townsel v.*

22  *County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987). Also see, *Zivkovic v. Southern*

23  *Calif. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002) (holding that party failed to

24  demonstrate good cause where a continuance was requested four months after the scheduling

25  order was issued, and plaintiff was not diligent in complying with the Rule 16 schedule)

26  (citation omitted).

27       After consideration of the untimeliness of Plaintiff's request to amend, the

28  relevant case law, the absence of good cause, and the present posture of this case,

1      **IT IS ORDERED** that Plaintiff's request to amend the Complaint to allege a

2    *Monell* claim is **DENIED**.

3      Dated this 14th day of February, 2011.

4

5

6                          Lawrence O. Anderson
                        United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28